```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


RHONDA GUARINI,                      :
   Plaintiff,                        :
                                     :
v.                                   :
                                     :   CIVIL NO: 3:11CV01609(AVC)
MICHAEL J. ASTRUE,                   :
COMMISSIONER, SOCIAL                 :
SECURITY ADMINISTRATION,             :
   Defendant,                        :
```

## ORDER ADOPTING THE MAGISTRATE JUDGE'S OPINION

After a de novo review of those portions of the Magistrate Judge's recommended ruling that were the subject of objections, the court adopts the Magistrate Judge's recommending ruling (Document no. 29). The Magistrate Judge recommended that this case be remanded to the Social Security Administration because the Commissioner's non-examining psychologist did not have access to the plaintiff's complete medical record. The medical evidence that the non-examining psychologist did not consider included a significant volume of treatment notes and other records from a social worker and a therapist, each of whom worked with and treated the plaintiff. (E.g., Tr. 484-485, 508-513, 527-530, 534-536).

After reviewing those portions of the record that were not available to the non-examining psychologist, the court concludes that the missing medical records may reasonably have influenced

the opinion of the non-examining psychologist with respect to the plaintiff's functional limitations. For example, the treatment summary and mental capacities evaluation from the plaintiff's therapist, Christina Gamble, LMFT, suggest greater concerns about the plaintiff's mental health and functional limitations than the medical evidence considered by the non-examining psychologist.  (Tr. 534-536).  In assessing the plaintiff's functional limitations, Ms. Gamble concluded that she displayed moderate restrictions of activities of daily living, marked difficulties in maintaining social functioning, marked difficulties in maintaining concentration, persistence or pace and marked episodes of decompensation.  (Tr. 536).  Ms. Gamble concluded that the plaintiff's "mental health issues have hindered her ability to maintain employment, exercise good judgment and make healthy decisions."  (Tr. 535).  Because the plaintiff suffers from depression and anxiety related disorders—that is, affective disorders that can be assessed through therapy—the non-examining psychologist's failure to consider the assessment of a therapist who met with her first-hand was significant.  That evidence was particularly probative in light of the dearth of medical records before the non-examining psychologist from mental health professionals who repeatedly treated the plaintiff face-to-face.

In short, the opinion of the non-examining psychologist, upon which the ALJ's decision was largely based, did not consider Ms. Gamble's treatment summary and mental capacities evaluation, which suggested significant concerns about the plaintiff's mental health.  This, taken together with the beneficent purpose of the Social Security Act, weighs in favor of remand.  Accordingly, the Magistrate Judge's recommended ruling is hereby adopted.

It is so ordered, this 14th day of March 2013, at Hartford, Connecticut.

                                                                      /s/
                                           Alfred V. Covello, U.S.D.J.